BREAUX, C. J.
The state of Louisiana brought this action against the Banking Department of the Citizens’ Bank for a license for the privilege of carrying on a banking business.
The state’s contention is that the defendant is a corporation organized and doing business in accordance with and by virtue of Act No. 246 of 1853, and the compact, generally known in connection with the Citizens’ Bank as the compact of the 26th of July, 1853. Plaintiff avers that the existence of the defendant corporation was recognized by this court as a separate and distinct corporation.
Plaintiff further avers that all' persons owe a license, sets forth the amount claimed by her to be due by the averred corporation, and asks for a judgment therefor.
On the day that plaintiff’s petition was filed, plaintiff propounded interrogatories to the defendant named in her petition to answer in court, in order to ascertain the precise amount due by it to the state for licenses. There was an order issued to answer these interrogatories. This order was rescinded, and on the 22d of January of this year a second order to answer was issued.
After the first order to him to answer interrogatories had been filed, the president of the Citizens’ Bank appeared in court by ■way of exception, and in substance averred that he was without authority to appear and answer interrogatories; that no service had been made upon any person or corporation competent to represent the defendant.
He further averred that there is no corporation known as the “Cash or Banking Department of the Citizens’ Bank of Louisiana,” and that no service could be made upon him, individually or as president of the Citizens’ Bank of Louisiana, under the condition shown by the record, for the purpose of bringing any party defendant before the court, especially the alleged defendant in the petition, to answer interrogatories or any suit. Defendant further averred that the objection he urged to the want of citation applied equally as well to the order of court to answer the second interrogatories propounded.
Subsequently defendant filed a second exception, in substance the same as the first, in which he reiterated that he is not the president of the corporation as that named by plaintiff; that he had no authority to stand in judgment, and could not be cited to answer. The exceptions were taken up and tried. Evidence was admitted, consisting of (on the part of plaintiff) the compact to which we have referred above, and the case of Hope & Co. v. Board of Liquidation, 108 La. 315, 32 South. 547.
*153 On the part of defendant the original charter of the Citizens’ 'Bank was offered and admitted, and other acts relating to the Citizens’ Bank, including Act No. 246 of 1853.
Our brother of the district court maintained the exception and rejected the whole of plaintiff’s suit.
From this judgment plaintiff appeals.
Although the argument has taken a wide range, we think that under the pleading we should, before going further in the decision of the case, determine whether or not defendant has been cited, as it denies having been cited.
The ground in that connection is that there “is no such corporation as that alleged by plaintiff in the suit.”
At its organization the charter provisions created a corporation, and named it the Citizens’ Bank of Louisiana, and in that name “it may sue and be sued.” Act 1833.
Under the terms of this act the president and directors were intrusted with the authority to carry on the banking which the statute granted. In subsequent acts the' name was always retained as above mentioned and the provision relating to the right to sue and be sued. The statute of 1853 and the compact in question, to which plaintiff specially refers to sustain its contention for a license tax, sets forth nothing going to show that it was the intention to create another corporation with authority “to sue and be sued.”
As to any name upon which the parties to the compact may have agreed, whether “Banking Department,” or any other, these compact parties did not attempt, nor could they assume under the different statutes, to confer the authority “to sue and be sued.” Nothing shows any such intention on the part of any one. No part of the act of 1853 contains anything about authority to stand in judgment, nor does it contain that which can be construed as an authority to stockholders to meet and form a corporation into authority to sue and be sued. There was no delegation of power in that effect by the Legislature.
It is well settled that corporations must have expressed authority to sue and be sued. Although there may be a slight alteration in the name, this is not important, provided it was manifestly the intention to institute the suit against the corporation itself. That is not the case here, as it was not the intention to sue the “Citizens’ Bank of Louisiana,” but the “Cash Department,” organized under special statutes.
“Suit must be brought against the president of the corporation.” Article 122, Code Practice.
The president sued here is not the president of the “Banking Department” of the Citizens’ Bank of Louisiana. A slight alteration, it is true, in a name, is not important. Here the corporate entity (the Citizens’ Bank) represented by the president is entirely different from the defendant “Banking ■ Department” of that bank alleged. Plaintiff purposely avoided bringing the suit against the Citizens’ Bank of Louisiana, although all dealings ‘ heretofore have been with the “Citizens’ Bank of Louisiana.” A number of suits have been instituted in which the Citizens’ Bank of Louisiana was concerned. It was brought in court under that name. The Attorney General and counsel representing plaintiff place great confidence in Hope & Co. v. Board of Liquidation, 108 La. 315, 32 South. 547.
They quote expressions of the decisions with great earnestness. In that very case the Citizens’ Bank of Louisiana, and not its “Banking Department,” was party to the suit.
The statutes analyzed in this decision and the estoppel invoked here were statutes relating to the “Citizens’ Bank of Louisiana,” *155 and if there be estoppel it would scarcely estop the Citizens’ Bank of Louisiana, not sued and not made a party to the suit. All of the proceedings in the cited case supra were carried on contradictorily with that bank. In basing rights upon the decision the persons against whom the rights are invoked should be made parties to the suit.
We are informed by the argument that it was suggested (by defendant in the argument before the lower court) that the citation is bad, because it is addressed as before mentioned, instead of the “Citizens' Bank.” Counsel for plaintiff concludes that, if this be true, then the question resolves itself to one of misnomer and surplusage. Counsel add that, assuming that this has been done, it is evident that, as the banking department of a bank is its essential and primary business, it is liable to taxation as such; that a citation addressed to that department, which more truly describes the character of a corporation, is not so material a variance from the corporate name as'to affect the validity of the pleading; that it could have led defendant into no error in regard to his creditor. We are not inclined to that view. Under our laws corporations must be sued in their corporate names.
The defendant excepted for want of citation, on the ground that there is no corporation before the court.
As to whether there is or not should be decided contradictorily with the Citizens' Bank of Louisiana, which was not sued, and which plaintiff did not intend to sue. We limit our decision to the want of citation. The other questions are left open.
For reasons assigned, the judgment appealed from is avoided, annulled, and reversed. The law and the evidence being in favor of defendant, the suit is dismissed as in ease of nonsuit.
MONROE, J., dissents.